UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT T. IRVIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:09-1058 |
| ) | Judge Campbell |
| **CITY OF CLARKSVILLE POLICE** ) | |
| **DEPARTMENT, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Clarksville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) the Clarksville Police Department; 2) Clarksville Police Officer Chris MacMillan; 3) Clarksville City Judge Charles Smith; and 4) the State of Tennessee Department of Safety Financial Responsibility Section, Technical Services Division (Technical Services Division). The plaintiff seeks money damages and injunctive relief, alleging that the defendants violated his rights under the Eighth and Fourteenth Amendments.

The plaintiff asserts that Officer MacMillan issued him a citation for driving without insurance. (Docket Entry No. 1, ¶¶ 1-12, pp. 2-3) The plaintiff appeared before Judge Smith, and admitted to Judge Smith that he did not have insurance when Officer MacMillan issued the citation. (Docket Entry No. 1, ¶¶ 14-16) Officer MacMillan did not appear against the plaintiff at the hearing. (Docket Entry No. 1, ¶ 16, p. 3)

The plaintiff claims that Judge Smith ordered him to attend driving school, and to pay the sixty dollar ($60.00) fee to do so. (Docket Entry No. 1, ¶¶ 17-19, p. 3) The plaintiff asserts that he has not attended driving school, because his hearing was constitutionally defective, and that he has not paid the $60.00 fee, because it constitutes an excessive fine under the Constitution. (Docket

Entry No. 1, ¶¶ 24-25) The plaintiff's driver's license has been suspended for non-compliance. (Docket Entry No. 1, ¶¶ 27-28, p. 4, Attach. ltr. dtd. July 28, 2009)

The plaintiff demands to have the charges against him dismissed, and his driver's license reinstated. (Docket Entry No. 1, p. 6) The plaintiff demands further that the Clarksville Police Department and Officer MacMillan pay for tailgating, harassment, and failure to appear. (Docket Entry No. 1, ¶ 38, p. 6) Finally, the plaintiff demands that Judge Smith pay him $30,000.00 in compensatory damages, plus $60,000.00 in punitive damages, and that the Technical Services Division pay him $100,000.00 in compensatory damages, and $200,000.00 in punitive damages. (Docket Entry No. 1, ¶¶ 39-40, p. 6)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*,

2

207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

The Court turns first to the plaintiff's demand that the charges against him be dismissed, and his driver's license reinstated. Because the plaintiff has not yet complied with Judge Smith's order, the action against him is ongoing. The abstention doctrine counsels federal courts to abstain from hearing challenges to pending state proceedings, where interference by federal courts would disrupt the comity between federal and state courts. *See Younger v. Harris*, 401 U.S. 37, 37-38 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). Thus, to the extent that the plaintiff is challenging the constitutionality of his ongoing case, the Court is without jurisdiction to consider the compliant. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

To the extent that the complaint contains factual allegations to which the abstention doctrine does not apply, the law is well established that a police department is not a person within the meaning of § 1983. *See Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the Clarksville Police Department is not a person within the meaning of § 1983, the plaintiff cannot make a *prima facie* showing that the Clarksville Police Department violated his rights under § 1983.

The plaintiff's only allegations against Officer MacMillan are that Officer MacMillan "tailgated" him, issued him a citation for not having car insurance, and did not appear at the plaintiff's hearing before Judge Smith. None of Officer McMillan's alleged actions constitute violations of the plaintiff's constitutional rights. Because Officer McMillan's alleged actions do not satisfy the first part the two-part test under *Parratt*, *supra* at p. 2, the plaintiff cannot make a *prima facie* showing that Officer MacMillan violated his rights under § 1983.

Turning to Judge Smith, judges generally are absolutely immune from liability for money damages under § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547,

3

554 (1967); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Absolute judicial immunity is overcome only when a judge engages in non-judicial actions, or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The plaintiff does not allege, nor can it be liberally construed from the complaint, that Judge Smith's actions were non-judicial in nature, or that he did not have jurisdiction in the plaintiff's case. Accordingly, Judge Smith is immune from suit.

Finally, "persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). Because the Technical Services Division is not a body politic or a body corporate, it is not a person within the meaning of § 1983. Therefore, the plaintiff cannot make a *prima facie* showing that the Technical Services Division violated his rights under § 1983.[1]

For the reasons explained herein, the complaint lacks an arguable basis in law or fact. Accordingly, the complaint will be dismissed as frivolous.

An appropriate Order will be entered.

Todd Campbell
United States District Judge

---

[1] The plaintiff's claim fails even if the plaintiff intended that the State of Tennessee stand in the shoes of the Technical Services Division. Money claims may not be asserted against the State under § 1983. *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 617 (2002)(citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Such claims are barred by the Eleventh Amendment.

4